## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **BRADLEY YOUNG,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.  6:22-CV-00081-JCB** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PORTFOLIO          RECOVERY** | § | |
| **ASSOCIATES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the court is Defendant Portfolio Associates, LLC's ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and motion for judgment on the pleadings (Doc. No. 12). Plaintiff has not filed a response in opposition. Defendant has filed a notice of Plaintiff's non-response (Doc. No. 22), as well as an affidavit in support (Doc. No. 21). For the reasons set forth herein, the court **RECOMMENDS** that Defendant's motion (Doc. No. 12) be **GRANTED**.

## BACKGROUND

On February 28, 2022, Plaintiff Bradley Young, proceeding pro se, filed this action against Defendant alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq*. ("FDCPA"). (Doc. No. 1.) Plaintiff's factual allegations in the complaint relate to an alleged debt owed by a Mr. Jim Baldwin, for which Plaintiff contends that he's been assigned 100 percent of the claims. *Id.* at ¶¶ 2, 3. Specifically, Plaintiff alleges that on or about May 3, 2021, Mr. Baldwin reviewed his credit report on "Credit Karma" and observed a trade line from Defendant debt

collector. *Id*. at ¶¶ 7–9. Plaintiff alleges that the trade line showed Mr. Baldwin owed a $15,704 debt to "US Bank National Association." *Id.* at ¶ 9. Plaintiff alleges that Mr. Baldwin disputed this debt over the telephone, but that Defendant did not note his dispute and therefore his credit score was materially lowered. *Id.* at ¶¶ 10, 11. As a result, Plaintiff asserts a claim pursuant to 15 U.S.C § 1692e(8) of the FDCPA for Defendant's failure to disclose to the consumer reporting agencies that the alleged debt was in dispute. *Id.* at 4. Plaintiff alleges that Mr. Baldwin suffered damages to his personal and credit reputation, as well as severe humiliation, emotional distress, and mental anguish. *Id.* at ¶ 13.

Defendant filed an answer to complaint on March 25, 2022 (Doc. No. 3), and an amended answer on April 13, 2022 (Doc. No. 7). The court set this matter for a scheduling conference on April 28, 2022. (Doc. No. 25.) On April 25, 2022, Defendant filed the instant motion to dismiss arguing that the complaint should be dismissed for lack of standing. (Doc. No. 25.) At the scheduling conference both parties were present and the court gave Plaintiff a deadline of May 12, 2022 to file a response to the motion to dismiss. (Doc. No. 19.) On May 12, 2022, Plaintiff contacted the court via telephone and indicated he would not be filing a response to the motion as he wished to dismiss his case at this time. The court advised him to file a motion. To date, Plaintiff has not filed a response or a motion to dismiss his case. Defendant has filed an affidavit and notice of Plaintiff's non-response, requesting that its motion be granted. (Doc. Nos. 21, 22.)

## LEGAL STANDARD

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed.R.Civ.P. 12(b)(1). The Rules require the court to dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of*

*Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir. 1980). When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

## DISCUSSION

In its motion to dismiss, Defendant argues that Plaintiff's claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks Article III standing as all harm alleged is against Mr. Baldwin. (Doc. No. 12, at 5.) Defendant further argues that Mr. Baldwin's claim under the FDCPA is not assignable to Mr. Young and that Mr. Young cannot bring the case on Mr. Baldwin's behalf. *Id.* at 5–12. As discussed above, Plaintiff has not filed a response in opposition and has indicated that he wishes to dismiss his case.

Local Rule 7(e) provides that "[a] party opposing a motion has fourteen days (twenty-one days for summary judgment motions) from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." L.R.-CV 7(e). More than 14 days, as well as the court-ordered deadline to respond of May 12, 2022, have passed and no response in opposition has been filed, nor has any extension been requested. Local Rule 7(d) provides that "[a] party's failure to oppose a motion in the manner

3

prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." L.R. CV-7(d). Therefore, the court presumes Plaintiff has no opposition to Defendant's motion to dismiss.

### A.  Article III Standing and Jurisdiction

Article III of the United States Constitution limits the jurisdiction of federal courts to disputes involving a "case" or "controversy." U.S. CONST. ART. III, § 2, cl. 1; *Raines v. Byrd*, 521 U.S. 811, 818 (1997). The Supreme Court has recognized that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 37 (1976) (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968)).

In order to satisfy the case or controversy requirement, a plaintiff must establish they have standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Constitutional standing contains three essential elements: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical;'" (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.*

The party invoking federal jurisdiction bears the burden of establishing the requisite standing requirements are satisfied. *Lujan*, 504 U.S. at 561. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

Here, as discussed above, the entirety of Plaintiff's allegations relate to an alleged injury— the lowering of a credit score due to a debt failed to be listed as disputed by Defendant—suffered

by Mr. Baldwin, not Plaintiff. (Doc. No. 1.) Plaintiff has failed to allege that he can stand in the shoes of the consumer—Mr. Baldwin—and he does plead any injurious exposure from Defendant's alleged actions. As such, the court finds that Plaintiff fails to allege any basis that would give him standing to bring the FDCPA claim as alleged. *See, e.g., Sibersky v. Goldstein*, 155 F. App'x 10 (2d Cir. 2005) (holding that husband lacked standing to bring FDCPA claims on behalf of his wife, given lack of showing of injurious exposure to challenged practices). Moreover, Plaintiff has not cited, and the court is unaware of, any authority that would allow Mr. Baldwin to assign his FDCPA claim to Plaintiff. In addition, as Mr. Young is proceeding pro se in this matter and is not a licensed attorney, any representation of Mr. Baldwin by Mr. Young would result in the unauthorized practice of law. *See Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App. – Texarkana 2009, no pet.) ("Although a layperson has the right to represent themselves, a layperson does not have the right to represent others.").

## CONCLUSION

For these reasons, the court concludes that Mr. Young lacks Article III standing to bring this action and the court must dismiss this action for lack of subject matter jurisdiction. As such, the court **RECOMMENDS** that Defendant's motion to dismiss (Doc. No. 12) be **GRANTED** and that Plaintiff's complaint be **DISMISSED** without prejudice. *See Staten v. Harrison Cnty.*, No. 20-60329, 2021 WL 5766576, at *2 (5th Cir. Dec. 3, 2021) (holding that when claims are dismissed based on lack of standing, an issue of subject matter jurisdiction, the dismissal should be without prejudice).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations

contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 20th day of May, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE